IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| TANDI MCKISSICK, | ) | |
| | ) | CIVIL ACTION FILE No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TINGUE, BROWN & CO., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Tandi McKissick (hereinafter "Plaintiff" or "Ms. McKissick"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## INTRODUCTION

1.

This action seeks declaratory relief, equitable relief, and damages for Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"), for subjecting her to sexual harassment and retaliation.

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed her Charge of Discrimination against Defendant, on January 4, 2023. The EEOC issued its Notice of Right to Sue on September 26, 2023.

3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDITION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 et seq., 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117.

5.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because Plaintiff resides within the Northern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## THE PARTIES

6.

Ms. McKissick is a resident of Fayette County, Georgia and worked for the Defendant in Fayette County and submits herself to the jurisdiction of this Court.

7.

At all times relevant to this matter, Defendant employed Ms. McKissick.

8.

Defendant is a foreign, for-profit corporation licensed to do business within the State of Georgia, which has conducted business within Fulton County, Georgia at all times relevant to this matter.

9.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII.

10.

Defendant TINGUE, BROWN & CO. may be served through its Registered Agent Patty McIntosh at 309 Dividend Drive, Peachtree City, Georgia 30269.

## **FACTUAL ALLEGATIONS**

11.

Defendant hired Ms. McKissick as a Marketing Coordinator in or around March 2018.

12.

Plaintiff performed well in her role and had no complaints from Defendant.

13.

In or around sometime in October 2018, Plaintiff was promoted to Marketing Manager.

14.

The new job position required Plaintiff on occasions to travel out of town to attend National Sale Meetings.

15.

In or around sometime between late 2019- early 2020, Plaintiff attended a National Sales Meeting with her Manager/President Ty Acton and other employees who were employed by Defendant.

16.

After the meeting took place Plaintiff was invited by Mr. Acton to an after-work event with the other employees.

17.

While at the after-work event Plaintiff was engaged in inappropriate conversation by her coworker Alex (last name unknown).

18.

On multiple occasions Alex told Plaintiff "I want to take you upstairs right now".

19.

Alex forcefully grabbed Plaintiff by her arm and proceeded to aggressively grab her breasts and groped her butt.

20.

Immediately after the incident took place Plaintiff notified Mr. Acton of the sexual assault.

21.

Mr. Acton apologized to Plaintiff and stated, "He's had a lot to drink, you know guys will be guys I don't think it needs to be reported to HR but thanks for telling me I'll keep an eye out".

22.

Plaintiff's complaint of sexual assault was ignored and never investigated.

23.

In or around January 2021 Plaintiff was advised by Mr. Acton that she was restricted from attending any other National Sales Meetings due to the incident that took place back in or around 2019-2020.

24.

Although Plaintiff was restricted from attending any National Sales Meetings, she was required to work on presentations, collect photos and materials for the meetings.

25.

In or around June 2022 Plaintiff filed a complaint of retaliation against Defendant with Human Resources Manager Lisette Riestchier.

26.

Ms. Riestchier advised Plaintiff she would investigate the sexual assault complaint and her complaint of being retaliated against.

27.

Plaintiff was never provided an update of her complaints of sexual assault nor the retaliation she was being subjected to.

28.

Plaintiff sent a text message to her then new acting supervisor Matt Vacca on or about August 5, 2022, requesting a phone call to discuss the sexual assault and retaliation.

29.

On or about August 8, 2022, supervisor Matt Vacca contacted Plaintiff through phone call to discuss the sexual assault and retaliation.

30.

On or about August 9, 2022, Plaintiff was given a pay increase.

31.

Again, Plaintiff was never provided an update of her complaints of sexual assault nor the retaliation she was being subjected to.

32.

On or about August 31, 2022, Plaintiff emailed Vice President of Human Resources Doug Green requesting a meeting to discuss her concern of being retaliated against since reporting the sexual assault to Ty Acton.

33.

Plaintiff was terminated on or about August 31, 2022.

34.

Defendant terminated Plaintiff due to her complaints of sexual assault.

35.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

36.

Defendant undertook the above-pled conduct intentionally, willfully, and maliciously with no respect for Plaintiff and her federally protected rights.

## CLAIMS FOR RELIEF

## COUNT I: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

37.

Plaintiff realleges the preceding paragraphs as if set forth fully herein.

38.

Defendant subjected Plaintiff to unwelcome sexual harassment.

39.

Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing conduct, but Defendant failed to take any appropriate corrective actions.

40.

Plaintiff suffered a tangible employment action when Defendant terminated her employment.

41.

Defendant's actions constitute unlawful sexual harassment on the basis of Plaintiff's gender in violation of Title VII.

42.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

43.

As a direct and proximate result of all of Defendant's violation of Title VII, Plaintiff has suffered damages including, but not limited to, emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

## **COUNT II: RETALIATION IN VIOLATION OF TITLE VII**

44.

Plaintiff realleges the preceding paragraphs as if set forth fully herein.

45.

Title VII prohibits employers from retaliating against employees who report or oppose sexual harassment.

46.

Plaintiff engaged in protected activity when she repeatedly reported to her managers and supervisors that she was sexually harassed.

47.

Plaintiff suffered an adverse employment action when Defendant terminated her employment.

48.

Defendant unlawfully retaliated against Plaintiff, in violation of her rights under Title VII by, among other things, constructively discharging her employment because she opposed unwelcome sexual conduct.

49.

Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

50.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

51.

Defendant undertook its unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against it.

52.

Alternatively, Defendant undertook its unlawful conduct recklessly with respect to the Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against it.

## COUNT III:  NEGLIGENT AND WRONGFUL HIRING, RETENTION, AND SUPERVISION

53.

Plaintiff realleges the preceding paragraphs as if set forth fully herein.

54.

Defendant knew, or in the exercise of ordinary diligence, should have known of the propensity of its employee, Alex (last name unknown), to engage in sexually offensive conduct towards other employees and Plaintiff in particular.

55.

Alex's sexually harassing actions were not wholly unrelated to his employment.

## 56.

Defendant nevertheless failed and refused to act to protect Plaintiff from sexual harassment.

## 57.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully prays for the following relief:

(a)    a declaratory judgment that Defendant violated the Plaintiff's rights under Title VII;

(b)    an injunction prohibiting Defendant from engaging in such unlawful conduct in the future;

(c)    full back pay from the date of Plaintiff's constructive discharge, taking into account all raises to which Plaintiff would have been entitled but for her unlawful constructive termination, and all fringe benefits of employment, with prejudgment interest thereon;

(d)     reinstatement of Plaintiff's employment or in the alternative, front pay to compensate Plaintiff for her lost future wages and benefits;

(e)     compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, inconvenience, humiliation, loss of enjoyment of life and special damages, past and future;

(f)     punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for its conduct towards Plaintiff and deter them from similar willful, wanton, oppressive, malicious, and/or grossly negligent conduct in the future;

(g)     special damages for all out of pocket costs and expenses Plaintiff would have incurred but for Defendant's unlawful discriminatory conduct;

(i)     Reasonable attorney fees and expenses of litigation;

(j)     Trial by jury as to all issues;

(k)     Prejudgment interest at the rate allowed by law;

(l)     All other relief to which she may be entitled;


Respectfully submitted this 20th day of December, 2023.


Respectfully submitted,

**THE LEACH FIRM, P.A.**

12

***/s/ Anthony J. Hall***
Anthony J. Hall, Esq. – LEAD COUNSEL
FL Bar No. 40924
**THE LEACH FIRM**, **P.A.**
1560 N. Orange Ave., Ste. 600
Winter Park, FL 32789
Tel: 407-574-4999
Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
***Counsel for Plaintiff***